IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNA HOLLOWAY**<br>     **Plaintiff** | §<br>§<br>§ | |
| **VS.** | §<br>§ | **Civil Action No.** ___14-1035___ |
| **STATE FARM LLOYDS**<br>     **Defendant** | §<br>§<br>§ | |

## STATE FARM LLOYDS' NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

State Farm Lloyds ("State Farm") files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.      On October 23, 2014, Joanna Holloway ("Plaintiff") filed her Original Petition ("Original Petition") styled Cause No. 2014-CI-16772; *Joanna Holloway v. State Farm Lloyds*; In the 131st Judicial District Court, Bexar County, Texas.  State Farm was served with citation on October 31, 2014.

### *Nature of the Suit*

2.      This lawsuit involves a dispute over State Farm's handling of Plaintiff's insurance claims for damages from plumbing leaks allegedly sustained by her residential property:  4126 Treegarden, San Antonio, Texas 78222.  Plaintiff claims State Farm breached the insurance contract and the duty of good faith and fair dealing, and violated the Texas Insurance Code and DTPA.  Plaintiffs seek actual damages, consequential damages, statutory penalties, exemplary damages, court costs and attorney's fees.

***Basis for Removal***

3.      Removal is proper under 28 U.S.C. §1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

4.      There is complete diversity of citizenship between the parties.   At the time Plaintiff filed her Original Petition on October 23, 2014, and as of the date of filing this Notice, State Farm was an association of underwriters whose individual underwriters were all residents and citizens of the state of Illinois.[1]  Accordingly, at the time of filing of this suit, and through the filing of this Notice, State Farm was and is considered an out-of-state citizen for diversity jurisdiction purposes.

5.      Upon information and belief, Plaintiff was a citizen of Texas when she filed her Original Petition, and continues to be a citizen of Texas.  (*See* Plaintiff's Original Petition, ¶ III.)

6.      Further, this Court has diversity jurisdiction over this matter because the amount in controversy exceeds $75,000.00, exclusive of interest and costs.   Plaintiff pleads in her Original Petition that she is seeking monetary relief over $100,000 but less than $200,000.  (*See* Plaintiff's Original Petition, ¶ I.)

7.      In determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, ... penalties, statutory damages, and punitive damages."[2]   Here,

---

[1]  *See Royal Ins. Co. of America v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993), *cert. denied*, 114 S. Ct. 1541 (1994) (defining "Lloyds' Plan" insurer).  *Alcorn v. State Farm Lloyds*, Civil Action No. 3:98-CV-0772-BC, 1998 U.S. Dist. LEXIS 17144, *3-4 (N.D. Tex. Oct. 23, 1998) (recognizing that State Farm Lloyds' underwriters are citizens of Illinois).
[2]  *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after

Plaintiff claims that plumbing leaks caused damages to her property that Plaintiff insured through State Farm.[3]  Plaintiff seeks unspecified damages for State Farm's refusal to fully compensate her under the terms of her insurance contract, Policy Number 83-CD-Y716-8.[4] Policy Number 83-CD-Y716-8 is a Texas Homeowner's Policy with coverage limits of $129,258.00 for the dwelling, $96,944.00 for personal property, and the actual amount of additional living expenses.

8.     Further, Plaintiff seeks actual, consequential, and exemplary damages and statutory penalties for her causes of action of violations of the duty of good faith and fair dealing, the Texas Insurance Code and DTPA.[5]  Further, Plaintiff alleges State Farm acted "knowingly" when it violated the DTPA, an allegation which would entitle her to treble damages.[6]  Plaintiff also seeks attorney fees.[7]  Thus, given Plaintiff's statement of the monetary relief she is seeking in this suit in her petition, the Policy involved in Plaintiff's claim, the nature of Plaintiff's claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.00.

### The Removal is Procedurally Correct

9.     State Farm was first served with the Original Petition on October 31, 2014. Therefore, State Farm filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

---

considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).
[3] Plaintiff's Original Petition, ¶ V.
[4] Plaintiff's Original Petition, ¶ VII.
[5] *See* Plaintiff's Original Petition, ¶ VII-XVI, XX.
[6] *Id.* at ¶ X, pg. 5.
[7] *Id.* at ¶ XIX.

10.      Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiff's claims allegedly occurred in this district.

11.      Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

12.      Pursuant to 28 U.S.C. §1446(d), promptly after State Farm files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiff, the adverse party.

13.      Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk of Hidalgo County, Texas, promptly after State Farm files this Notice.

WHEREFORE, STATE FARM LLOYDS requests that this action be removed from the 131st Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

Mark A. Lindow
Attorney in Charge
State Bar No. 12367875
Southern District No. 12777
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas  78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Jana Richard
State Bar No. 24040752
Southern District Bar No. 1128806
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Telecopier: (210) 227-4602
jrichard@lstlaw.com

*Counsel for State Farm Lloyds*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas, San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and a copy mailed *via certified mail* on this **21st** day of **November 2014**, addressed to those who do not receive notice from the Clerk of the Court.

Daniel O. Kustoff
Melanie Hessler Phipps
Nina Jasmin Petrow
Kustoff & Phipps, LLP
4103 Parkdale Street
San Antonio, Texas 78229

Mark A. Lindow / Jana Richard

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNA HOLLOWAY** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **Civil Action No.** _____ |
| | § | |
| **STATE FARM LLOYDS** | § | |
| **Defendant** | § | |

---

## INDEX OF MATTERS BEING FILED

---

State Farm Lloyds' Notice of Removal.

Exhibit A:     Copies of all process, pleadings, orders and the docket sheet on file in the state court lawsuit.

Exhibit B:     A list of counsel of record.

# Exhibit  A



# Bexar County

### District Clerk/County Clerk Search

## Full Case Information

## Case Summary

---

## Case Information for Cause #: 2014CI16772

### JOANNA HOLLOWAY vs STATE FARM LLOYDS

| | |
|---|---|
| **Cause No. :** | 2014CI16772 |
| **Name :** | JOANNA HOLLOWAY |
| **Business Name :** | |
| **Litigant Type :** | PLAINTIFF |
| **Date Filed :** | 10/23/2014 |
| **Docket Type :** | CONSUMER/DTPA |
| **Case Status :** | PENDING |
| **Court :** | 131 |

*Information as of: 11/21/2014 10:09:37 AM*

# Case History

| Type/Sequence | Date Filed | Description |
|---|---|---|
| P00001 | 10/23/2014 | PETITION |
| P00002 | 10/23/2014 | JURY DEMAND JURY FEE PAID |
| P00003 | 10/23/2014 | SERVICE ASSIGNED TO CLERK 1 |
| S00001 | 10/23/2014 | CITATION<br>STATE FARM LLOYDS<br>ISSUED: 10/23/2014 RECEIVED: 10/31/2014<br>EXECUTED: 10/31/2014 RETURNED: 11/10/2014 |
| P00004 | 11/12/2014 | ORIGINAL ANSWER OF<br>STATE FARM LLOYDS |

PRIVATE PROCESS

JOANNA HOLLOWAY
VS.
STATE FARM LLOYDS
(Note:Attached Document May Contain Additional Litigants.)

Case Number: 2014-CI-16772

2014CI16772 S00001

IN THE DISTRICT COURT
131st JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

"THE STATE OF TEXAS"

Directed To: STATE FARM LLOYDS

## CITATION
**RECEIVED**
OCT 3 1 2014
**EXECUTIVE**

10/31/14

BY SERVING ITS REGISTERED AGENT, RENDI BLACK

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 23rd day of October, 2014.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 23RD DAY OF OCTOBER A.D., 2014.

PETITION

DANIEL OREN KUSTOFF
ATTORNEY FOR PLAINTIFF
4103 PARKDALE ST
SAN ANTONIO, TX 78229-4182



**Donna Kay McKinney**
**Bexar County District Clerk**
**101 W. Nueva, Suite 217**
**San Antonio, Texas 78205**

By: *Antonio Morales,* Deputy

---

OFFICER'S RETURN

I received this citation on _____ at _____ o'clock ___M. and:( ) executed
it by delivering a copy of the citation with the date of delivery endorsed on it to the
defendant,_____ in person on the _____ at
_____o'clock ___M. at:_____ or ( ) **not executed**
because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____
OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this
_____.

NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my
address is _____, _____(County).
I declare under penalty of perjury that the foregoing is true and correct. Executed in
_____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

ORIGINAL (DK002)



FILED
10/23/2014 10:09:47 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Marc Garcia

CIT PPS W/JD - SAC1

CAUSE NO. **2014CI16772**

| | | |
|---|---|---|
| JOANNA HOLLOWAY | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | 131ST  JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE:

NOW COMES JOANNA HOLLOWAY, hereinafter referred to as Plaintiff, complaining of STATE FARM LLOYDS ("STATE FARM") hereinafter referred to as Defendant and files this Original Petition, and for cause of action respectfully shows the Court the following:

### I.
### CLAIM FOR RELIEF

Plaintiff seeks monetary relief of over $100,000.00 but not more than $200,000.00. Plaintiff also makes a demand for judgment for all the other relief to which Plaintiff deems herself entitled.

### II.
### DISCOVERY LEVEL

Plaintiff designates this case as a Level II Discovery Plan case pursuant to Texas Rule of Civil Procedure 190.1.

### III.
### PARTIES

Plaintiff, JOANNA HOLLOWAY is a resident of San Antonio, Bexar County, Texas.

Defendant, STATE FARM LLOYDS is a domestic insurance company and may be served with this Original Petition through its attorney for service Rendi Black, c/o State Farm, 17301 Preston Road, Dallas, Texas 75252-5727. **Service will be by private process service.**

1

## IV.
## JURISDICTION AND VENUE

This is a suit based on a breach of insurance contract and a suit for individual torts committed by Defendant.  All or part of the causes of action accrued in Bexar County, Texas. The property is located in Bexar County. The party resides and/or does business in San Antonio, Bexar County, Texas.  Therefore, pursuant to Texas Civil Practice & Remedies Code §15.002, venue is proper in Bexar County, Texas.

The amount in controversy exceeds the minimum jurisdictional limits of this Court.  The Court also possesses subject matter jurisdiction over all causes of action and claims for relief stated herein.

## V.
## BACKGROUND FACTS

On or about February 22, 2014, Plaintiff sustained damages that are believed to have been caused by plumbing leaks at her home located at 4126 Treegarden, San Antonio, Texas 78222.  Pursuant to the policy of insurance issued by State Farm, which includes foundation coverage and coverage for water damage, Plaintiff made a claim for the loss.  Plaintiff performed all her obligations under the policy by providing Defendant with all the requested information, including an engineering report and an opportunity to investigate the plumbing leak and cause of the damages at Plaintiff's residence.

Despite the information provided to Defendant, Defendant, through its agents and employees, has failed to tender payment for Defendant's claim under the policy and Defendant has forced Plaintiff to retain her own experts to determine whether the plumbing leak has in fact damaged her property.

The evidence suggests that Defendant made false representations as to the applicable insurance coverage and/or the benefit of the insurance policy.  As a result of Defendant's misrepresentations Plaintiff is facing extensive damages in order to repair the plumbing and the foundation issues.

2

Defendant's manufactured reason for denying Plaintiff's claim has created significant problems for Plaintiff and has damaged Plaintiff.

## VI.
## CONDITIONS PRECEDENT

All conditions precedent to bringing this suit have been satisfied or rendered impracticable as a result of the impending statute of limitations.

## VII.
## BREACH OF CONTRACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the foregoing Paragraphs.

Plaintiff would show that the above referenced policy, which she purchased from Defendant, was in full force and effect at the time of Plaintiff's loss. Among the perils the policy insures is water and foundation damages. The policy provides that, if such a loss occurs due to such an insured peril as involved in this case, Defendant will pay the cost of the Plaintiff's property losses, including personal property.

Plaintiff would further show that she submitted a claim to Defendant for payment of the claim. Notice of claim was given to Defendant in accordance with the terms of the policy. Defendant has refused and failed to pay the claim according to its obligations under the contract of insurance and, by failing to make the payments as required under the contract, Defendant has committed breach of contract of insurance between the parties.

## VIII.
## DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the preceding paragraphs.

Plaintiff, who is a consumer of Defendant's insurance services, also hereby invokes the provisions of the Texas Business and Commerce Code §17.41 *et seq.*, commonly referred to as the Deceptive Trade Practices - Consumer Protection Act.

**IX.**

Plaintiff has a cause of action against Defendant under the provisions of the Deceptive Trade

Practices - Consumer Protection Act pursuant to §17.50(a) which provides as follows:

"A consumer may maintain an action where any of the following constitute a producing cause of actual damages:

1.    The use or employment by any person of a false, misleading or deceptive act or practice that is specifically enumerated in a subdivision of Subsection (b) of Section 17.46 of this Subchapter;

2.    Any unconscionable action or course of action by any person by unreasonable delay in payment, unreasonable denial of coverage, misrepresentation of facts;

3.    The breach of an express or implied warranty; or

4.    The use or employment by any person of an act or practice in violation of Article 21.21, Texas Insurance Code, as amended, or rules or regulations issued by the State Board of Insurance under Article 21.21, Texas Insurance Code, as amended."

**X.**
**DECEPTIVE TRADE PRACTICES - CONSUMER PROTECTION ACT §17.46(B)**

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the

preceding paragraphs.

Defendant has violated various provisions of Texas Business and Commerce Code §17.46(b) including, but not limited to the following:

a.    Causing confusion or misunderstanding as to the source, sponsorship, approval or certification of goods or services;

b.    Causing confusion or misunderstanding as to the affiliation, connection or association with or certification by another;

c.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits or quantities which they do not have;

d.    Representing that goods or services are of a particular standard, quality or grade when they are in fact of another;

e.    Representing that an agreement confers or involves rights, remedies or obligations which it does not have or involve;

f.    Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended

4

to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

The above violations of Texas Business and Commerce Code §17.46(b) were a producing cause of Plaintiff's damages as hereinafter set forth and were committed knowingly.

**XI.**

Defendant, by virtue of its conduct as described above, engaged in an unconscionable action or course of action as that term is defined by the Deceptive Trade Practices - Consumer Protection Act. Plaintiff is entitled to the relief set out in the Act.

**XII.**

The Legislature has enumerated that any violation of Chapter 541 (former Art. 21.21) of the Texas Insurance Code constitutes a violation of the DTPA. TEX. INS. CODE §541.151. Incorporating facts set forth above, Defendant, has committed the following violations of Chapter 541 of the Texas Insurance Code which are also a violation of the DTPA:

a. Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverages at issue; TEX. INS. CODE §541.060(a)(1)

b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear as evidenced by the fact that Plaintiff has been forced to file suit against Defendant in order to recover money for coverages provided for under the policy; TEX. INS. CODE §541.060(a)(2)(A)

c. Refusing to pay the full amount of the claim without conducting a reasonable investigation with respect to the claim; TEX. INS. CODE §541.060(a)(7)

d. Misrepresenting an insurance policy by making an untrue statement of fact including representing that the policy covered damage in the full amount of the water and foundation damage and coverage of personal property loss; TEX. INS. CODE §541.061(1)

e. Misrepresenting an insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made - including failing to state that the policy covered damages due to water and foundation damage but did not include coverage for all the damage; TEX. INS. CODE §541.061(2)

f. Misrepresenting an insurance policy by making a statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact including, but not limited to representing to Plaintiff that the policy covered foundation and water damage and misleading her that resulting damage from such loss would be

5

covered but failing to advise her that all the damage would not be covered; TEX. INS. CODE §541.061(3)

## XIII.
## VIOLATIONS OF CHAPTER 541 OF THE TEXAS INSURANCE CODE

Chapter 541 (former Article 21.21) of the Texas Insurance Code defines unfair methods of competition and unfair and deceptive acts or practices in the business of insurance for insurers such as Defendant. As set forth in the above paragraphs, Defendant has violated the following provisions of Chapter 541 of the Texas Insurance Code:

a. Knowingly misrepresenting to a claimant pertinent facts or policy provisions relating to coverages at issue, specifically that the policy provided payment in the case of foundation and water damage; TEX. INS. CODE §541.060(a)(1)

b. Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear as evidenced by the fact that Plaintiff has been forced to file suit against Defendant in order to recover the full amount of money for coverages provided for under the policy; TEX. INS. CODE §541.060(a)(2)(A)

c. Refusing to pay a Plaintiff's full claim without conducting a reasonable investigation with respect to the claim, specifically refusing to pay the claim for the foundation and water damages; TEX. INS. CODE §541.060(a)(7)

d. Misrepresenting an insurance policy by making an untrue statement of fact including representing that the policy covered damage resulting from the foundation and water; TEX. INS. CODE §541.061(1)

e. Misrepresenting an insurance policy by failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; TEX. INS. CODE §541.061(2)

f. Misrepresenting an insurance policy by making a statement in such a manner as to mislead a reasonable prudent person to a false conclusion of a material fact; TEX. INS. CODE §541.061(3)

The above violations of Chapter 541 of the Texas Insurance Code caused Plaintiff's damages set forth herein. Plaintiff would show that Defendant has committed these acts and that these acts were a producing cause of Plaintiff's damages as hereinafter set forth. Plaintiff seeks the cost of repair or replacement of the damage due to the covered loss as provided by the contract of insurance, the additional cost of repair of the damage due to the breach of contract by Defendant,

6

the loss of value to the residence after repairs, the cost of alternative living expenses, and the replacement cost of Plaintiff's personal/tangible property.

**XIV.**
**VIOLATION OF CHAPTER 542 OF THE TEXAS INSURANCE CODE –**
**UNFAIR CLAIM SETTLEMENT PRACTICES ACT**

Texas Insurance Code Chapter 542 defines unfair claims settlement practices in the business of insurance. Defendant's acts, omissions, failure and conduct that are described above violated Chapter 542 of the Texas Insurance Code. Specifically, Defendant violated the following provisions of Chapter 542:

    a.   Failing to adopt and implement reasonable standards for the prompt investigations of claims arising under the insurer's policy; TEX. INS. CODE §542.003(b)(3)

    b.   Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims submitted in which liability has become reasonably clear as evidenced by the fact that Plaintiff has been forced to file suit against Defendant in order to recover money for coverages provided for under the policy; TEX. INS. CODE §542.003(b)(4)

    c.   Compelling policy holder to institute suit to recover amounts due under its policies as in the present case wherein Plaintiff was forced to file suit to recover amounts due under the policy; TEX. INS. CODE §542.003(b)(5)

**XV.**

Chapter 542 of the Texas Insurance Code also provides for the prompt payment of claims by persons engaging in the business of insurance. Defendant violated Chapter 542.057 by failing to pay Plaintiff's full claim within the timelines prescribed by the statute. As a result of Defendant's wrongful conduct, Plaintiff's claim has not been timely paid, and she has been deprived of the use of the funds under the policy of insurance.

Plaintiff is entitled to a statutory eighteen percent (18%) penalty, attorneys' fees and Court costs.

**XVI.**
**BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING**

Plaintiff re-alleges and incorporates by reference all facts and allegations set forth in the preceding paragraphs.

Moreover, Plaintiff would show that a special relationship exists between Defendant and Plaintiff such that Defendant owed its insured a duty to deal fairly and in good faith.   Plaintiff would further show that Defendant breached this duty owed to Plaintiff and as such, she is entitled to damages.

**XIX.**
**ATTORNEYS FEES**

Defendant's conduct as described in this Petition and the resulting damage and loss to Plaintiff have necessitated Plaintiff retaining the attorneys whose names are subscribed to this Petition.   Plaintiff seeks to recover attorney's fees under Civil Practices and Remedies Code 38.001(8) as well as under the Deceptive Trade Practices Act.

**XX.**
**DAMAGES**

Plaintiff alleges that she has sustained actual damages in an amount in excess of the minimum jurisdictional limits of the Court, including actual and consequential damages, cost of replacement and/or repair of Plaintiff's property and personal property, alternative living expenses, storage expenses, all due to the covered loss as provided by the contract of insurance, loss of use due to the delay and malfeasance of the Defendant, exemplary damages, court costs and reasonable attorney's fees.

**XXI.**
**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer and upon trial thereof Plaintiff be awarded actual damages, economic damages, consequential damages, special damages, attorneys' fees, pre-judgment interest, post-judgment interest, taxable court costs, all in an amount that exceeds the jurisdictional limits of this Court and for such other and further relief to which Plaintiff may show herself justly entitled.

8

**PLAINTIFF REQUESTS A TRIAL BY JURY AND TENDERS THE JURY FEE OF**

$30.00.

Respectfully submitted,

KUSTOFF& PHIPPS, L.L.P.
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Telecopier: (210) 614-9464

By/_____
DANIEL O. KUSTOFF
State Bar No. 11770515
MELANIE HESSLER PHIPPS
State Bar No. 24032416
NINA JASMIN PETROW
State Bar No. 24048725
ATTORNEYS FOR PLAINTIFF

314021/pleadings/Original petition

9

## CAUSE NO. 2014-CI-16772

| | | |
|---|---|---|
| JOANNA HOLLOWAY | § | IN THE DISTRICT |
| | § | |
| VS. | § | 131ST JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS | § | BEXAR COUNTY, TEXAS |

### DEFENDANT STATE FARM LLOYDS' ORIGINAL ANSWER

NOW COMES Defendant State Farm Lloyds and files its Original Answer, and would respectfully show as follows:

Defendant generally denies each and every allegation contained in Plaintiff's Original Petition pursuant to Texas Rule of Civil Procedure 92, and demands strict proof thereof by a preponderance of the credible evidence.

WHEREFORE, PREMISES CONSIDERED, Defendant State Farm Lloyds respectfully prays for a judgment that Plaintiff take nothing, that Defendant recover all its costs, and that Defendant be granted all other relief, at law and in equity, to which it may be justly entitled.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ TREAT LLP

By: _____
Mark A. Lindow
State Bar No. 12367875
Jana Richard
State Bar No. 24040752
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
(210) 227-2200 (telephone)
(210) 227-4602 (facsimile)

*Counsel for Defendant State Farm Lloyds*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Defendant State Farm Lloyds' Original Answer was served by facsimile and/or electronic service on the **12**[th] day of **November 2014**, upon the following counsel of record:

Daniel O. Kustoff
Melanie Hessler Phipps
Nina Jasmin Petrow
Kustoff & Phipps, LLP
4103 Parkdale Street
San Antonio, Texas 78229

Mark A. Lindow/Jana Richard

# Exhibit  B

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **JOANNA HOLLOWAY**<br>        **Plaintiff** | § <br> § <br> § | |
| **VS.** | § <br> § | **Civil Action No.** _____ |
| **STATE FARM LLOYDS**<br>        **Defendant** | § <br> § <br> § | |

---

## LIST OF ALL COUNSEL OF RECORD

---

Party

Joanna Holloway

State Farm Lloyds

Attorney(s)

Daniel O. Kustoff
State Bar No. 11770515
Melanie Hessler Phipps
State Bar No. 24032416
Nina Jasmin Petrow
State Bar No. 24048725
Kustoff & Phipps, LLP
4103 Parkdale Street
San Antonio, Texas 78229
Telephone: (210) 614-9444
Facsimile: (210) 614-9464

Mark A. Lindow
State Bar No. 12367875
LINDOW STEPHENS TREAT LLP
One Riverwalk Place
700 N. St. Mary's Street, Suite 1700
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
mlindow@lstlaw.com

Of Counsel:

Jana Richard
State Bar No. 24040752
Southern District Bar No. 1128806
Lindow Stephens Treat LLP
One Riverwalk Place
700 N. St. Mary's St., Seventeenth Floor
San Antonio, Texas 78205
Telephone: (210) 227-2200
Facsimile: (210) 227-4602
jrichard@lstlaw.com